ELIZA HEGERICH, AS ADMINISTRATRIX, ETC., OF ALEXANDER HEGERICH, DECEASED, APPELLANT, *v*. JOHN KEDDIE, AS EXECUTOR. ETC., OF DAVID CANT, DECEASED, RESPONDENT.

*Action for a negligent killing — it will lie against the personal representatives of the wrong-doer* — 1847, *chap*. 450 ; 1849, *chap*. 256; 1870, *chap*. 78, *Code of Civil Procedure, sec*. 1902.

Under the statutes giving to the personal representatives of a deceased person a right of action to recover the damages sustained by reason of the negligent killing of such deceased person, an action may be brought by them against the personal respresentatives of the wrong-doer. (DANIELS, J., dissenting.) *Yertore* v. *Wiswall* (16 How. Pr., 9) followed.

APPEAL from a judgment entered, upon an order sustaining a demurrer interposed to the complaint.

*G. V. N. Baldwin,* for the appellant.

*B. W. Cohen,* for the respondent.

BRADY, J.:

This action was brought by the administratrix above named, to recover from the executor of David Cant damages for personal injuries received by the plaintiff's intestate which resulted in his death, and which injuries were alleged to have been caused by the negligence of the defendant's testator. The defendant relies upon the statutes of 1847 and amendments (see 4 R. S. [Edm. ed.], 526, 527), and sections 1902, 1904 of the Code of Civil Procedure. The defendant demurred and the demurrer was sustained.

The question presented in this case is whether the action may be maintained against the personal representatives of the wrong-doer. The proposition on the part of the defendant is, that the action dies with the person causing the injuries. That this rule of law exists as to all other actions sounding in tort there can be no doubt. (See 3 R. S. [7th ed.], pp. 2394, 2395.) With regard, however, to the statutes under which this action was brought a different rule prevails. The Court of Appeals, in the case of *Whitford* v. *Panama Railroad Co.* (23 N. Y., 465, 480), declared in reference to them that the action therein provided appeals to no common law right and rests upon no common law principle, and that it is created by and derives all its vitality from the statute. This has been substantially reasserted in the case of *McDonald* v. *Mallory* (77 N. Y., 546, 550).

These authorities seem to establish the proposition that the right of action under the statutes mentioned is to be considered without reference to the rules of the common law, in relation to actions of tort for injuries to the person. But it is not necessary to pursue this inquiry further, for the reason that in the case of *Yertore* v. *Wiswall* (16 How. Pr., 8), it was decided by the General Term that such an action survived and could be maintained against the representative of the wrong-doer, because it was for the enforcement of a statutory right of property. The point seems to have been

fully considered in that case and to have been determined in favor of the right of action, as already stated. This case has not been overruled by the Court of Appeals in any reported adjudication, and is regarded as controlling of the question, and to be followed until it is reversed by the court of last resort.

For these reasons, and without a more extended examination of the question, it is considered that the judgment in the court below should be reversed with costs to abide the event, and with liberty to the defendant to answer in twenty days, on payment of the costs of the demurrer.

Davis, P. J., concurred.

Daniels, J. (dissenting):

The action for damages for the wrongful act of causing the decease of the intestate, was provided by statute. Before the enactment of the statute it could not be maintained. This statute was first enacted in this State in 1847 (Laws 1847, chap. 450), and in neither of the acts subsequently enacted has the liability of the party in the wrong been extended. (Laws 1849, chap. 256; Laws 1870, chap. 78; Code of Civil Pro., § 1902). By the act of 1847 the person who, or the corporation which, would have been liable, if death had not ensued, is made liable to an action for damages, notwithstanding the death of the person injured, and that is the full extent of the liability created. It is limited to the person himself, or the corporation itself, causing the injury. No right of action against his executor or administrator has been provided. But when the wrongful act has been committed by a natural person, it is that person, and only that person, whom the statute has rendered liable. Both by the terms of this act and the general statute declaratory of the causes of action which will survive against the personal representatives of the wrong-doer (3 R. S. [6th ed.], 732, §§ 1, 2), they are exonerated from liability in this action. A very general provision of the Code, first enacted in 1870, concerning actions for damages for personal injuries, is also to the same effect, for it only prevents the abatement of that class of actions after a verdict has been recovered. (Code of Civil Pro., § 764). It was framed in such language as to include all actions for personal

injuries, and this action is not excluded from it. A different view of the act of 1847 was adopted in *Yertore* v. *Wiswall* (16 How. Pr., 9), but as it is not supported by the language of the act, and is opposed to this section of the Code, it ought not to be followed. But the judgment should be affirmed

Judgment reversed, with costs to abide event, and with leave to defendant to answer over in twenty days on payment of costs of demurrer.